HANGER LAW OFFICE, P.C.
JAMES L. HANGER III [SBN 293416]
7709 SAGE DR.
PICO RIVERA, CA 90660
714 615 4240
hangerlaw@gmail.com

Attorney for Plaintiffs,
Bliss Productions, Hubert A. Krzysztofik

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLISS PRODUCTIONS SPOLKA Z OGRANICZONA, ODPOWIEDZIAINOSCIA; HUBERT A. KRZYSZTOFIK dba ADASTRA STUDIOS<br><br>Plaintiff,<br><br>v.<br><br>INFINITE REALITY, INC.; and INFINITE METAVERSE, INC.,<br><br>Defendants. | Case No.<br><br>DELCARATORY JUDGMENT;<br><br>COMPLAINT FOR BREACH OF CONTRACT<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT |

PLAINTIFFS, BLISS PRODUCTIONS SPOLKA Z OGRANICZONA, ODPOWIEDZIAINOSCIA ("BLISS") AND HUBERT A. KRZYSZTOFIK dba ADASTRA STUDIOS ("KRZYSZTOFIK") complain against DEFENDANTS INFINITE REALIITY, INC., and INFINITE METAVERSE, INC., and allege as follows:

**NATURE OF THE ACTION**

1. This is an action to recover for the Plaintiffs damages arising from Defendants' breach of multiple contracts, the value of which breaches collectively exceed $500,000. The contracts arose out of Consulting Agreements by which the Plaintiffs

agreed to develop software for Defendants' use in their products. As to each of the Consulting Agreements, Defendants did not pay the obligations as provided for in the Consulting Agreements. As to the agreement dated January 1, 2023, the parties entered into an Intellectual Property Consulting Agreement ("Agreement") which provided for a resolution of the Biss related disputes by payment as follows:

   a. $50,000 as of the date of execution of the Agreement:

   b. 10,600 common shares of Infinite Reality;

   c. $319,000 payable on or before November 30, 2023.

The Agreement was as to all sums owed by Defendants to BLISS, but it did not address sums owed to KRZYSZTOFIK.

   2. On November 30, 2023, no sums were paid to BLISS under the Agreement and no common shares of Infinite Reality were issued to BLISS.

   3. PLAINTIFFS seek a Judgment as to the amount owed but not paid under the BLISS and KRZYSZTOFIK Consulting Agreements and to terminate that portion of the Agreement at Section 8, by which the Agreement characterizes the work of BLISS and KRZYSZTOFIK as a work for hire, and to terminate the Defendants' use of the Intellectual Property and the grant of a license.

## THE PARTIES

   4. PLAINTIFF KRZYSZTOFIK is an individual who resides and works at Olympic Blvd.; Beverly Hills, CA.

   5. PLAINTIFF BLISS has its principal place of business at SW Wojciecha 3.3/A/1, 10 -10-038 Olsztyn Poland.

   6. DEFENDANTS INFINITE REALITY, INC. and INFINITE METAVERSE,

INC. identify their principal place of business as 1119 N. Signal St. Ojai, CA 93023 and are known to have business operations at 20434 S Santa Fe Ave, Long Beach, CA 90810.

## JURISIDICTION AND VENUE

7. The Court has jurisdiction under 28 U.S.C. Section 1332 based on diversity of citizenship between Plaintiff BLISS and Defendants, and because the amount in controversy exceeds $75,000. The Court has jurisdiction over the Copyright claim under 28 U.S.C. § 1338(a). the Court has supplemental jurisdiction over all state law claims under 28 U.S.C. Section 1391.

8. Venue is proper in this district pursuant to 28 U.S.C. Section 1391.

## FACTS COMMON TO ALL CLAIMS

9. On July 12, 2021, Infinite Reality LLC entered into a Consulting Agreement with BLISS with the governing law to be in accordance with the laws of the State of California. Confidentiality and Non-Disclosure Agreement was entered into at the same time. (Exhibit 1)

10. On August 1, 2022, Infinite Metaverse, Inc, for payment of $20,000 per month entered into a Consulting Agreement with KRZYSZTOFIK with the governing law to be in accordance with the laws of the State of Connecticut. (Exhibit 2 ) A Confidentiality and Non-Disclosure Agreement was entered into at the same time.

11. On April 26, 2022, KRZYSZTOFIK entered into a Confidentiality And Non-Disclosure Agreement which was to be governed under the laws of the State of California. (Exhibit 3)

12. On November 21, 2022, Infinite Metaverse, Inc. entered into a second

Consulting Agreement with BLISS, but there was no provision which cancelled the August 12, 2021 Consulting Agreement. The Consulting Agreement recites that as of the date of its execution, there was an outstanding balance of $367,000 which was deemed late. (Exhibit 4)

13. On January 1, 2023, Infinite Reality, Inc. entered into an Intellectual Property and Consulting Agreement. Under this Agreement, Infinite Reality was to pay $50,000 upon execution, $319,000 by November 30, 2023 and to transfer 10,600 shares of Infinite Reality common stock. (Exhibit 5)

14. All of the aforementioned Consulting Agreements were breached by non-payment and non transfer of shares.

## FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

15. Plaintiffs repeat and reallege the allegations of paragraphs 1-14.

16. As alleged hereinabove, because of the Defendants' numerous breaches of and false and fraudulent representations about payment, the Consulting Contracts, and each of them, are terminated and the Intellectual Property identified in Schedule A-1 of the Agreement dated as of January 1, 2023 is deemed forfeited to Plaintiffs, and each of them.

17. The terms of the Consulting Agreements referencing "Work for Hire" was a term conditioned upon the payment for the work, and upon non-payment is deemed forfeited to the designers, BLISS and KRZYSZTOFIK.

18. By reason of the foregoing, Plaintiffs are entitled to declaratory judgment that (1) it cancelled the Consulting Agreement effectively and that (2) Plaintiffs are entitled to a return of the Intellectual Property identified in schedule A-1, and (3) that Infinite Reality is prohibited from using the Intellectual Property.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

19. Plaintiffs repeat and reallege the allegations of paragraphs 1-18.

20. PAYMENTS due and owning were not made by Defendants to Plaintiffs on the Consulting Agreements. The amount of the non-payments is at least $40,000 under the terms of Exhibit 2, $367,000 under the terms of Exhibit 4, and at least $319,000 plus the value of 10,600 shares of Infinite Reality common stock under the terms of Exhibit 5.

## THIRD CAUSE OF ACTION FOR BREACH OF COPYRIGHT

21. Plaintiffs repeat and reallege the allegations of paragraphs 1-20.

22. Upon breach of payment by Defendants, Plaintiffs by and through counsel, sent two demands to cease and desist the use of the Intellectual Property of Plaintiffs. Despite the non-payment and cease and desist demands, Defendants continued to utilize the intellectual property that they never paid for. Without supplying the consideration for the transfer of the Intellectual Property as Work for Hire, Defendants breached the reverted Intellectual Property rights of Plaintiffs created and the rights of Plaintiffs to ownership thereof under the laws of Copyright.

## PRAYER FOR RELIEF

WHERFORE, Plaintiffs pray for judgment as follows:

1. For damages for breach of contract according to Proof;

2. Declaration that Plaintiffs are the owners of the Intellectual Property rights identified in Scheule A-1;

3. For award of costs under Section 17 U.S.C. Section 505;

4. For an award of attorney fees pursuant to 17 U.S.C. Section 505;

5. For an award of prejudgment interest as permitted by law;

6. Such other and further relief as the Court deems just and proper.

Dated: December 12, 2023

Respectfully submitted,
**HANGER LAW OFFICE, P.C.**

/s/ JAMES L. Hanger III
James L. Hanger III
Attorneys for BLISS PRODUCTIONS SPOLKA Z OGRANICZONA, ODPOWIEDZIAINOSCIA; HUBERT A. KRZYSZTOFIK dba ADASTRA STUDIOS